## GAMMOND *v.* BOWERY SAV. BANK.

*(City Court of New York, General Term.   October 31, 1889.)*

BANKS AND BANKING—DEPOSITS—GIFTS.

Where money is deposited in a bank, and the depositor receives from the bank a deposit book containing a rule requiring depositors to draw money by written order or power of attorney, this condition of the contract of deposit does not impair the rights of the depositor as a creditor of the bank, and his donee may draw the money without a written order or power of attorney signed by the depositor.

Appeal from special term.

Action by Sarah B. Gammond against the Bowery Savings Bank to recover money deposited by Michael Galligan, who made an absolute gift of it, accompanied with his bank-book, to plaintiff, and subsequently died.   The book contained the following among other regulations:   "Drafts may be made personally, or by the order in writing of the depositor, or by letters of attorney duly authenticated."   The defense was that no legal demand could be made for the money except by compliance with this rule.   The trial judge ordered judgment for the amount of the deposit, and interest, and defendant appeals.

Argued before McADAM, C. J., and HOLME, J.

*Carlisle Norwood,* for appellant.   *Cromwell G. Macy,* for respondent.

PER CURIAM.   The reasons assigned by the trial judge in his opinion sufficiently warrant the direction made.   As he says: "The alleged contract of deposit does not limit nor impair the absolute right of the depositor as a creditor of the defendant;" and that "it refers only to the proof upon which the depositor may require a payment to himself, or to another at his request."   It did not prevent the creditor from passing the demand by general or specific assignment, by gift or bequest, or by operation of law, such as bankruptcy proceedings, or the appointment of a receiver, in the life-time of the creditor, or by the appointment of an administrator, or qualification of an executor, after death.   In either of these cases the fund would pass to and be assets in the hands of the assignee, donee, beneficiary, or legal representative, on whom the title devolved, (see *Penfield* v. *Thayer,* 2 E. D. Smith, 305,) without a written order or power of attorney signed by the depositor and duly authenti-

cated, according to the rules of the bank. For these reasons the plaintiff acquired good title to the fund, and the judgment rendered awarding it to her must be affirmed, with costs.